IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SHELTON BERRY and LAKRISHA WATTS,

   Plaintiffs,

 v.

C.P.S. EUGENE OREGON a.k.a. CHILD PROTECTIVE SERVICES,

   Defendant.

No. 6:18-cv-01976-AA
**ORDER**

AIKEN, District Judge.

Plaintiff LaKrishia Watts asserts that on October 1, 2018, defendant Child Protective Services[1] took custody of her minor children while they were in plaintiff Berry Shelton's care and placed them in foster care. On November 13, 2018, plaintiffs filed a *pro se* Complaint (doc. 1), Motion for Emergency Injunction (doc. 2) and an Application For Leave to Proceed *in Forma Pauperis* (doc. 3) in this action. In their complaint, plaintiffs allege that defendant has violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution. On

---

[1] Though not alleged in any of plaintiffs' filings, the Court assumes defendant is an agency under the State of Oregon's Department of Human Services. *See generally Or. Rev. Stat.* § 418.005.

November 14, 2018, plaintiffs also filed a Petition for Emergency Injunction (doc. 4), asserting that defendant had immunized the children and bought them ice cream against plaintiffs' wishes. Plaintiffs further assert that, contrary to plaintiffs' desires, the children have not attended any church services while in state custody. In both requests for emergency injunctive relief, plaintiffs request that this Court order defendant to stay its current investigation and that the children be removed from state custody and be placed in federal custody until this matter can be resolved.

The Court construes plaintiffs' *ex parte* motion (doc. 2) and petition (doc. 4) as a motion for a temporary restraining order. The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiffs' favor; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council*, 555 U.S. 7, 21 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

Upon review of the complaint and filings, the Court finds that plaintiffs have failed to establish a likelihood of success on the merits at this time. Though it is unclear from plaintiffs' filings, it appears that plaintiffs seek federal court intervention in a pending state court dependency proceeding which would likely implicate abstention concerns. See *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Moreover, it is unclear from the present record whether defendant, presumably an agency of the State of Oregon, has a right to Eleventh Amendment immunity from plaintiffs' claims. Because plaintiffs have currently failed to show the requisite likelihood of success on the merits, the Court does not consider the remaining three factors.

Accordingly, plaintiffs' Motion for Emergency Injunction (doc. 2) and Petition for Emergency Injunction (doc. 4) are DENIED, without prejudice. Plaintiffs' Application for Leave to Proceed *in Forma Pauperis* is still pending before this Court, and an order on that application shall be forthcoming.

IT IS SO ORDERED.

DATED this 15th day of November, 2018.

_____
ANN AIKEN
United States District Judge